# 95 DTA 186

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS, HUMACAO Y GUAYAMA

MARIA M. DINGUI
Peticionaria-Recurrente

v.

PEDRO ORTIZ
Peticionario-Recurrido

Núm. KLCE-95-00238

San Juan, Puerto Rico, a 22 de junio de 1995

### TEXTO COMPLETO DE LA SENTENCIA

El 8 de marzo de 1995 la aquí peticionaria instó ante el Tribunal de Primera Instancia, Sala Municipal de Caguas, una *"Petición de Orden de Protección"* contra el peticionado Pedro Ortiz por alegado maltrato y amenazas con armas.

El Tribunal, Hon. Norma Morales Báez, Juez, emitió Orden de Protección en la cual, entre otros, ordenó a Pedro Ortiz abstenerse de penetrar en el hogar de la peticionaria y abstenerse de penetrar en el negocio que ubica en la marquesina de dicha residencia. El 10 de marzo de 1995 el Tribunal por voz del Juez Ernesto López Soltero ordenó el cierre inmediato del negocio. Posteriormente, el 16 de marzo de 1995 emite otra resolución en la cual dispuso que el peticionado tenía derecho a operar el negocio sujeto a las siguientes condiciones:

*"1. Operar el negocio de lunes a domingo de 9:00 a.m. a 7:00 p.m.*

*2. Que el peticionado esté acompañado por uno de sus hijos o por uno de sus empleados.*

*3. Que el peticionado no entre en la residencia de la peticionaria.*

*4. Que la peticionaria no intervenga en ningún momento con el peticionario durante la operación del negocio.*

*5. Que las partes se pongan de acuerdo para hacer los cambios estructurales necesarios a la residencia para separarla del negocio."*

Es de esta resolución que se recurre ante nos.

### I

La peticionaria alega que la resolución del Foro de Instancia no le brinda una *"protección real, adecuada y eficaz contra el peligro de sufrir daño a su integridad física por parte del peticionado"*. (Petición de *Certiorari*, pág. 7).

Surge de la petición y sus apéndices que el Tribunal de Primera Instancia determinó causa probable para el arresto contra el peticionado por dos cargos de Infracción al Artículo 6 de la Ley de Armas (25 L.P.R.A., sec. 416), dos cargos de Infracción al Artículo 32 de la Ley de Armas (25 L.P.R.A., sec. 442) y dos cargos por maltrato mediante amenaza por Infracción al Artículo 3.3 de la Ley 54 de agosto de 15 de 1989 (8 L.P.R.A., sec. 633).

Considerado el interés apremiante sobre la seguridad de la peticionaria, mediante resolución de 20 de junio de 1995, ordenamos la celebración de una vista oral de conformidad

con lo dispuesto en la Regla 32(A)(1) del Reglamento del Tribunal de Circuito de Apelaciones. En adición a ordenar la comparecencia de las partes y sus abogados, ordenamos la comparecencia del Ministerio Público. Ello, a los fines de que se ilustrara al Tribunal el estado procesal de los cargos contra el peticionado y sobre el efecto que la presentación de cualquier denuncia o acusación debe tener sobre la orden de protección que se ha solicitado en este caso.

Celebrada la referida vista hoy 22 de junio de 1995 a las 10:00 de la mañana a la misma comparecieron las partes y sus abogados así como el Ministerio Público.

Habiendo sido el Tribunal debidamente ilustrado por los comparecientes quedamos en posición de resolver y a ello procedemos en sesión abierta.

## II

De la ilustración que ha recibido el Tribunal surge con claridad que el señor Ortiz opera un negocio de colmado que ubica en la marquesina donde reside la peticionaria. Contra el peticionado penden cargos criminales de naturaleza grave señalados para juicio el 29 de agosto de 1995. La parte perjudicada en esos casos es la aquí peticionaria María M. Dingui quien mantuvo una relación conyugal con el peticionado. Esta reside desde hace aproximadamente tres (3) meses en un hogar de protección y desea regresar a su residencia donde vive con sus hijos, uno de ellos con retardo mental.

La política pública plasmada en la Ley Núm. 54 mejor conocida como la *"Ley para la Prevención e Intervención con la Violencia Doméstica"* persigue que, ante situaciones donde se imputa haber amenazado e intentado causar daño físico a la parte peticionaria, los tribunales intervengan y provean remedios eficaces que permitan ofrecer protección debida y ayuda a las víctimas.

En el presente caso, la localización del negocio que opera el peticionado y la ubicación de la residencia de la peticionaria es tan próxima, que no salvaguarda adecuadamente la seguridad de esta última. En consideración a lo antes expuesto, se expide el auto solicitado, se revoca la resolución recurrida y se restituye la Orden de Protección emitida el 8 de marzo de 1995 por la Honorable Norma Morales Báez, Juez Municipal, la cual ordena como sigue:

*"La parte peticionaria radicó una acción contra la parte peticionada al amparo de la Ley Núm. 54 del 15 de agosto de 1989.*

*Luego de escuchar a la parte peticionaria el Tribunal establece lo siguiente:*

*"Ordena a la parte peticionada a desalojar la residencia que comparte con la parte peticionaria y le prohibe regresar a la misma.*

*Ordena a la parte peticionada abstenerse de molestar, intimidar, amenazar o de cualquier otra forma interferir con la parte peticionaria.*

*Ordena a la parte peticionada abstenerse de penetrar en:*

*El hogar de la parte peticionaria, o su lugar de morada permanente o provisional.*

*El negocio de la parte peticionaria y sus alrededores. Ordena las siguientes medidas provisionales:*

*El peticionado no podrá comunicarse de forma alguna con la peticionaria.*

*Toda persona que violare cualesquiera de los términos de esta Orden incurrirá en Desacato al Tribunal lo que podría resultar en pena de cárcel, multa o ambas."*

Esta orden estará vigente hasta que sea modificada por el Tribunal de Primera Instancia, tomando en consideración el resultado de las causas que penden contra el peticionado.

Notifíquese de inmediato. Adelántese vía facsímil.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

<div align="right">

María de la C. González Cruz
Secretaria General